Case number 15 5 6 6 8. United States of America v. L Brian Whitfield. Arguments not to exceed 15 minutes per side. Mr. Stryantz for the appellant. Good morning. Peter Stryantz of the Nashville Bar here on behalf of defendant L Brian Whitfield. Mr. Whitfield was the co-managing partner of a company in Nashville known as the Sommet Group LLC. It was a human resourcing outsourcing employee leasing company and was formed by Mr. Whitfield before 2003 in Nashville, which I think is significant. He was charged basically with failing to fulfill payroll related obligations, preparing false employment tax returns, embezzling assets of an employee pension benefit plan, and diversion of client funds. This was not your typical financial fraud case. I think if you take a look at the record, Sommet was a legitimate company. It enjoyed an A rating from the Better Business Bureau as late as January 2010, which was six months before federal law enforcement agents came through the door in July of 2010. The company was profitable that was established at the trial. It was successful until problems arose in their health care plan. And that's one of the issues that I raised in my brief. Although Mr. Whitfield was charged and prosecuted for conspiracy, wire fraud, theft from ERISA, money laundering, filing false payroll tax returns, there was an uncharged allegation in the indictment. And it was described in the indictment as misconduct related to health insurance in the speaking allegations of the conspiracy count. Couldn't that support the wire count fraud? It was not alleged that way, Your Honor. No, but I'm just making the point. I get the idea that if you don't put it in the indictment, that can't be a count that goes to the jury, okay? But it's possible, as in this case where you have a lot of different counts or a lot of different potential counts, some of the non-charged ones can still be relevant to a charged one, I guess is all I'm saying. So I'm trying to figure out what the problem with that is. I understand what the court is saying, but this misconduct related to health insurance was untethered to any charge in the indictment. It was just sort of thrown in there for whatever prejudicial value the government could get out of it. I was concerned enough about it to file a detailed... Just to make sure I'm understanding exactly what you're saying, you're saying in the factual statement in the indictment, it mentions this, something you're calling health care fraud, but then doesn't charge it. And then you think the language in the indictment should have been removed at some point. That's your basic idea? That's my argument. So I'm just, my response, I'm just trying to make sure I get it, and I guess it's a 403 issue as well, is if that underlying fact allegation is material to wire count fraud, I guess I'm kind of in a so be it stage. I don't think it is relevant to the wire fraud. Why not? I don't think there was an allegation that the government made that wire fraud involved the theft of health care dollars. There was never a connection made. All of the wire fraud counts were related, and that's another thing I was going to talk to the court about today, was theft from the 401k. So we have something thrown in an indictment labeled misconduct regarding health care. He's not charged in a substantive 669 count. It's not an object of the conspiracy. It's just sort of thrown in there. If we had engaged in some sort of a 404b, 403 analysis, it would not have been relevant, would not have been able to have been given to the jury in the form of days of testimony and proof. The only reason they were able to get it in is they just sort of gratuitously included it in the indictment. I brought that to Judge Campbell's attention before the trial. I guess I'm still struggling. If it's in the indictment, you're on notice, and why can't health care fraud be wire count fraud? Wire fraud can be, can't it? Well, shouldn't it be tied to a substantive wire fraud count? And it was simply not. Tell me the case that says this, that you're not allowed to mention something in the indictment as a freestanding form of misconduct, and therefore can't mention it in the jury trial if you haven't specifically pled it under the wire count fraud. I'm not aware of that. Why should the government be able to include unfairly prejudicial information in an indictment that they don't have the burden of proving beyond a reasonable doubt? It's sort of like having a Title 21 indictment where it's a cocaine indictment, and you throw in some language, misconduct involving heroin. Perhaps you don't have very good proof on misconduct involving heroin, but... It corrupted the trial. We have a jury after 10 days of hearing proof and testimony that basically gets back in the jury room, and I don't know what they could have done with all of the testimony that they had heard about health care misconduct. Were you able to say that none of the alleged health care fraud used wires? There was no proof in the record that there was any wire fraud count in the indictment. I understand the indictment point you're making. We're now at trial. You have an indictment. So we're now at trial. We have a statute that tells you what wire fraud is. Were you able to get up and say these allegations, that this evidence about health care fraud doesn't meet the elements of wire fraud, and therefore it's irrelevant and prejudicial? Were you able to say that? I said it to Judge Campbell before the trial, and I argued it to the jury before they retired to deliver on it. There was no use of the wires in the health care fraud? Was that your theory? There was no use of the wires that was specifically proven to the jury or even pointed out to the jury. It was just sort of a sideshow that was designed to be, I believe, unfairly prejudicial to Mr. Whitfield and to be sort of an emotional trigger. That, hey, he's a bad guy. He was taking your health care money, and he was lavishing it upon himself, when there was no proof of that. And I don't understand why it was included in the indictment. If you analyze the indictment, you have a conspiracy with specific objects, and then you have substantive counts that mirror those objects, but this was not an object of the conspiracy, and there is no specific substantive count. There was no 669 count that was included in the indictment. So I think it was pretty obvious what the government was trying to do, and I think they were successful at what they did. It portrayed Mr. Whitfield in a very unfavorable light. What's your best case on this? That this is reversible error? What's the best case? If I read it, I'll go, yeah, they really shouldn't have done this. It may be what I argued in my motion in limiting, that it was unfairly prejudicial. What's the best case? What's the best case? If I read it, Sixth Circuit, U.S. Supreme Court, I'll realize, you know, the government's... Okay. Because that was my argument, that it was unfairly prejudicial, and it was untethered to any other charge in the indictment. I also wanted to talk about the conspiracy count. Central to the allegations in the case was the government's insistence that a conspiracy existed in this case. They alleged that the wife, Marsha Whitfield, and his father-in-law, Ed Todd, and I know the court's had a chance to take a look at the brief and the excerpts of the testimony of Mr. Todd and Ms. Whitfield, there was simply no proof of any agreement to violate the law. All of the testimony that was... They plead guilty to conspiracy? They did plead guilty. Were those guilty police put before the jury? They were. So how is there no evidence? Well, I think they had very... Both individuals had a lot of difficulty explaining to the jury what they pled guilty to and why they pled guilty. In my cross-examination of both of these individuals, they were really unable to articulate that they had engaged in any fraudulent conduct, that they had intended to defraud anyone. On cross-examination, Mr. Todd had not spoken to his son-in-law between June of 2008 and July of 2010, and he specifically answered one of my questions that he had reached no agreement to defraud clients. He had not reached an agreement with Brian Whitfield. He had not reached an agreement with his daughter to defraud anyone. His wife said that Brian Whitfield had basically fallen off the face of the earth, that he was not responsive, he was not around the business. She was not able to discuss any of the things with him. So there was no affirmative proof presented by the government that these people ever spoke about a scheme or an artifice to defraud any client or the government. I take it this argument was put to the jury, and or you filed some motions for dismissal of those counts? Yes, Your Honor. That were overruled? Yes, Your Honor. Which? Did you file the motions? What motions did you file? Well, obviously a Rule 29 motion at the conclusion of the government's proof, which was made orally. Targeting the absence of testimony? Yes, Your Honor. And there was a common theme from both... And the conspiracy thing, is your main problem with what Ed and Marcia testified about, or is your main problem what your client testified about? In terms of there being a conspiracy among the three people. Is your main point, there's no testimony that Brian joined this? Or is your main point that no, there's no testimony that Ed and Marcia were part of it? There's no testimony that there was an agreement to defraud anyone among any of either the indicted individuals or the unindicted individuals. There was a common theme from the government's either cooperating witnesses or company witnesses that at the time that payments were being delayed to clients, there was no intent to defraud anyone. And that was consistent with the testimony of employees, a COO, a man by the name of David Junquist, and a payroll supervisor by the name of Kathleen Madden. Both testified that they believed in good faith that if the company could delay a client for a short period of time, there was an excellent chance that they could get that client paid. Ms. Madden conceded on cross-examination, she had no intent to defraud any client by So there is a real absence of proof of any existence of a conspiracy. There's no proof in the record of any agreement among anyone to defraud clients. And that was a deficiency that I saw in the government's conspiracy proof. And if you have a chance to take a look at the transcript excerpts of some of the witnesses that I put in my brief, it's pretty remarkable that they are unable to articulate, A, what they did wrong, what they pled guilty to, and who they ever spoke to about reaching an agreement to defraud anyone. It was also remarkable that the government was suggesting to the jury over this 10 days that this was a massive fraud. The government had access to all of the company's records. They came in on July the 6th, 2010, and there was some proof at the trial that Mr. Whitfield had learned through an anonymous tip that the government was going to come and raid his company. He had a meeting with his employees. There was no effort to take anything out of that business. All the electronic media were there, all the papers, everything remained in the business. But in the face of all of that paper and electronic material, in the face of all of the indicted and unindicted individuals, no one testified at the 10 day trial that Mr. Whitfield had instructed them to do anything illegal or insinuated that he had told them to destroy evidence or do anything that was illegal. I think I'm done with my time. Thank you, counsel. Thank you. Good morning, your honors. May it please the court. Dave Lieberman for the United States. I'll go in reverse order from where opposing counsel left off. The jury had ample evidence to conclude that Whitfield, his then wife and father-in-law entered a conspiracy to defraud Sameh's clients of the money that was promised for these human resource functions. Now, the jury can glean evidence of a conspiracy from action. There was plenty of concerted action in this case. The best evidence that the government had on this was the fact that Marcia Whitfield testified. She knew what her husband was doing, that he was diverting client funds to these unauthorized projects, and that Whitfield himself asked her on several occasions for a ski boat, for home renovations, for jet charters. The jury could reasonably infer that Whitfield would not have asked a low-level person like the others, Kathleen Madden, that opposing counsel mentioned, that were completely unaware of the scheme. That puts them together. The jury heard similar testimony from Ed Todd. Todd testified that in late 2009, he wanted to retire from the company. He wanted Whitfield to buy him out. And Whitfield says, well, that's dependent on you keeping the cash flow coming. And he was the director of marketing. And so what does Todd do? He starts lying to Sameh's clients as to why their health care claims are not being processed. What's the proper role of the plea agreements being entered in? Who put them in? Did they put them in? So I was looking for that. I didn't see – and I'll double-check this in the record and I did not see them listed as exhibits that went back. They were mentioned in the typical back-and-forth on direct when the AUSA said, you've pled guilty. Yes, I pled guilty to a conspiracy. You brought up the plea agreements as opposed to them? Because sometimes I would think defense would bring it up to show they're doing this to get a lower sentence or something. So we brought it out, I assume initially, to bring out the sting of that in their direct testimony to say, you've pled guilty to a conspiracy. Are you hoping for leniency? Yes. And that's how they came out. I did not – I'll again double-check. I did not see the plea agreement entered in the record. But both defendants did say, I pled guilty to conspiracy to defraud Sameh's clients. Did they say that the plea agreement included Brian? I mean, in other words, the conspiracy that they're pleading guilty to included all three of them? I believe they testified to that, yes. They absolutely testified that the three of them – But I'm asking whether they acknowledged that the plea agreement said that. Assuming it's not in the record, it wasn't an exhibit. I'm just trying to figure out if they said that. I pled guilty and here was what I pled guilty to, a conspiracy involving these three people to defraud. I think it was more perfunctory than that. They just said, I pled guilty to a conspiracy, but I'll go back and check the record and submit a letter if I'm incorrect. Mr. Astriance is quite right that on cross, he asked them, did you ever enter an agreement? And they could not identify a time that they sat down and hashed out this scheme, the three of them, and they could not recall specific conversations. But that's not what the government needs to sustain a conspiracy conviction. This Court has said many times over that a conspiracy can be found on the basis of circumstantial evidence. We have that concerted action here. And the conspiracy agreement need not be formal. And I think that that's probably what the witnesses were responding to on Mr. Astriance's cross, that a conspiracy can be based on an individual's. The evidence showed that Whitfield himself was the one who was refusing requests to fund client obligations. I think six or seven witnesses or some employees testified that Whitfield consistently refused. Complaints were escalated to him. He still consistently refused. And then it is Marsha who is helping him withdraw money from the operating account for personal expenses. And Ed Todd is lying to those clients to keep them in the fold. As he testified, if I told them the truth as to why their health insurance claims were not being funded, they would all leave and we would go under. That is ample evidence, I would argue, considerable evidence for the jury to infer a conspiracy among these three individuals. I'll turn next to the other claim that Mr. Astriance has raised here this morning, the indictment language. We respectfully disagree with his characterization of what our charges said. Our charges encompassed the health insurance facts and evidence that we put in in trial. I have the indictment here, document 1, page ID 14. The conspiracy talks about the scheme to defraud. The manner and means of the conspiracy included that conspirators would fail and did fail to adequately fund a health insurance plan. Would and did fail to pay health insurance claims fully and on a timely basis. And would and did fail to, would and did divert client funds intended for payment of, among other things, health insurance premiums. So the entire scheme to defraud that was the foundation of the conspiracy included not just the retirement contributions, not just the payroll, the failure to process payroll correctly, not just the failure to pay child support, but it included this mail administration of health care claims. And the same observation is true for the wire counts. Two through four, this is document 1, page ID 18. On the date set forth below, this is paragraph 3, we identify the three wire transactions that we're discussing. Whitfield and Marsha Whitfield, for the purpose of executing the aforesaid scheme. So wire fraud depends on the government proving... Go ahead. To convict on wire fraud, we have to, the government has to approve the use of the wires and furtherance of the scheme. I go back to my original observation, the scheme here encompassed the health insurance claims. So the district court correctly recognized that this was appropriately charged and that the government appropriately submitted evidence on this basis during trial. So it's not surplus language and the district court correctly denied this claim below. And Mr. Stryant, in his opening brief, has raised a few other sufficiency claims as well as a challenge to the IRS agent's use of summary charts during his testimony, as well as the loss calculations. Adequately addressed those, I think, in my brief. If the court has any No, thank you. The government would ask that the court affirm the judgment below. Thank you, counsel. Regarding the conspiracy, there was no written agreement, there was no verbal agreement. If you take a look at just a couple of passages of the testimony of... Did the agreements themselves come in as exhibits or were they just referenced in testimony? Your Honor, as I stand here right now, I don't recall, but a practice has developed in the Middle District of Tennessee that was not in practice when I was in AUSA, where now they are being offered as an exhibit to the cooperating witnesses' testimony. And I've personally always wondered why that would be admitted as an exhibit to an individual's testimony, where it's, as you know, rife with all sorts of self-serving language about bolstering their credibility and their veracity. And it has a factual basis. Sometimes it will go on for pages and pages that you're really not able to adequately confront and cross-examine. But I apologize for not being able to remember, but that has been the practice over the last several years. The testimony of Mr. Todd, the father-in-law, just one question where I asked him, quite simply between, and these are the dates of the indictment, June 2008 and July 6 of 2010, which are the dates alleged in the indictment, the conspiracy that you entered a plea of guilty to, did you reach any agreement with Brian Whitfield to defraud your clients? I did not. I did not reach an agreement with Brian to defraud. And how about your daughter, Marcia Whitfield, between those same dates, did you reach any agreement? No, sir. And then looking at his wife's testimony, where I talked before about this method that they used when they got in a little bit of trouble at the company trying to hold off creditors, they would delay paying them, I asked her this question. You all at that point were trying to delay things getting paid, is that right? Correct. But at those moments in time when you were delaying things, you didn't intend to defraud your clients at that moment in time, did you? And she said no. As far as the court's question about the misconduct regarding health care, if you take a look at the substantive wire fraud counts, they are not tied to any misconduct regarding health care. If you take a look at each of the wire fraud counts, they allege thefts from the ERISA plan, from the 401K. The first three of them, I think the proof established at trial that all of those clients received their proper 401K contributions, and the fourth one was deposited into an account that Mr. Whitfield didn't even control. So I think the wire fraud counts in the indictment suffered from the infirmity that they were just not tied sufficiently to the scheme to defraud. Mr. Whitfield had a... What do you do with these provisions in the indictment that you're opposing counsel's sites that deal with health fraud? A health insurance plan, payments, wouldn't it advise clients he would fulfill payroll? Those are just surpluses sort of, or they relate to something else, or what? Well, the problem that I had with the judge is that they were not related to the conspiracy. They were not related to any substantive count. The manner and means by which Whitfield and Todd sought to accomplish and carry out the conspiracy include the following. Payroll related to fund health insurance plan. I mean, why couldn't they provide evidence that supported that? I mean, it's right there. Am I reading it too small a portion of the... No, no, you're not. You're reading it correctly, but then why not make it at least an object of the conspiracy? Why just... I don't know, but it would seem a little strange if things are alleged in the indictment and you can't provide evidence of them. I mean, what am I... I mean, I'm not an expert on indictments and what you can do with them, but just on the surface it would seem like if this is something that's part of what's alleged in the indictment that you ought to be able to prove it. But I just... I'm being disingenuous about hiding something under manner and means of the scheme. It should be in another part of the indictment as well. Is that the argument? I just think if you're going to include it as a manner and means, it should at least be an object of the conspiracy that there was an agreement to... Why is that? I mean, if it's a manner and the means, why can't you prove... I'm just asking. I don't really know the answer. Why can't you show the manner and means in your proof? Because I think that there needs to be sufficient proof of a criminal violation other than just casually. There's many things that I'm sure a prosecutor would want to include in a manner and means if they knew they didn't have to prove it as an object of the conspiracy and didn't have to prove a substantive count. They still have to prove what they have to prove, but I'm not seeing... You're saying that the evidence should not have been admitted because... admitted, right? Because it wasn't laid out in the indictment? Because it wasn't alleged as an object and it wasn't alleged as a substantive count. I'm asking why isn't it sufficient that it's laid out as an object and means, not to eliminate some other proof that they have to make of the elements of the crime, but that it's proof that can be presented because it's laid out as a means of accomplishing... I just think it's propensity proof. It's unfairly prejudicial. It's a way to avoid a 404B analysis. You can stand up and say, well, this isn't governed by 404B. It's in the indictment. Well, it's just sort of an outlier included in the indictment, shoehorned into the indictment where they have no responsibility. They have no responsibility to prove it as an object. They have no responsibility to prove it beyond a reasonable doubt as a substantive count. If a way of... I'm just trying to understand the theory now. The way of accomplishing the objects of conspiracy is laid out in the indictment, but it's not required that you show each of those ways that's laid out in the indictment, that they're then precluded from presenting evidence as to those ways in their proof to the jury? That's your argument I'm trying to see. Is that the argument? My argument is if you feel like you have sufficient proof to prove up misconduct regarding health insurance, if they believe that Mr. Whitfield knowingly, willfully, and intentionally stole health care dollars and lavished that money on himself, well, then make it an object of the conspiracy or make it a substantive count, but just don't throw it out there as sort of a gadfly theory and we'll see how it goes, and then have no responsibility. Get all the benefit of all the... There's no responsibility. Well, they get all the... You're talking about whether evidence can be admitted. You're not saying that... Well, this is what I... There's no responsibility. The question is whether you can admit the evidence, right? They get all the prejudice and none of the responsibility. All the unfair prejudice against Mr. Whitfield, but they don't have to worry about it when they get to JOA time or closing argument. It's not true of all other acts of evidence. That's just the way it works. Well, it wasn't analyzed under other acts of evidence. They were able to... I'm just saying, well, it's 403. I mean, 403 and 404 go together. They always go together, so you're making a 403 argument. I'm just saying one species of 403 argument, this happens a lot in. It does, but in my experience, I had not seen something alleged just to look like all the other misconduct but not be an object and not charge substantively. Thank you, judges. Thank you, counsel. The case will be submitted.